UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| BROOKE COX, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) No. 2:12-cv-00303-MJD-WTL |
| NORTH PUTNAM COMMUNITY SCHOOL CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## ORDER ON MOTION TO DISMISS

This matter is before the Court on Defendant's Motion to Dismiss. The Court, being duly advised, hereby **DENIES** Defendant's Motion.

### I.   Background

Defendant, North Putnam Community School Corporation ("North Putnam"), operates two elementary schools, a middle school and a high school in Putnam County, Indiana. [Dkt. 1, ¶ 11.] There are six townships within the boundaries of the school corporation: Russell, Franklin, Jackson, Clinton, Monroe and Floyd. [Id. at ¶ 12.] The North Putnam Board of School Trustees has seven board members, one elected from each township and one elected at-large. [Id. at ¶¶ 13-14.]

Plaintiff Brooke Cox ("Cox") is a registered voter and resident of Floyd Township. [Id. at ¶ 18.] She alleges in her Complaint that her vote has been "seriously diluted" because a significant disparity exists in the population of the townships. [Id. at ¶¶ 16-20.] For example,

Cox asserts the 2010 census recorded a population of 823 residents in Russell Township and 4,011 residents in Floyd Township, yet each township elects one member to the board. [Id. at ¶ 15-16.] Cox asserts this lack of equality in population of the school board voting districts violates the "one person, one vote" principle protected by the Equal Protection Clause of the United States Constitution. [Id. at ¶ 23.] She further argues that North Putnam violated Indiana Code § 20-23-8-8(a)(4) by failing to timely reapportion the districts. [Id. at ¶ 24.]

In its Motion to Dismiss, North Putnam argues Cox's lawsuit is improper because she failed to first seek statutory relief. [Dkt. 16, pp. 1-2.] Specifically, North Putnam asserts IC 20-23-8-10 requires Cox to file a petition in Putnam Circuit Court seeking a change in the electoral district plan of the school corporation. [Id.] Having failed to do so, North Putnam argues the lawsuit should be dismissed. [Id.]

## II.     Legal Standard

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the plaintiff's complaint, not the merits of the case.[1] *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). For purposes of a motion to dismiss, the court takes all of the factual allegations in the complaint as true. *Id.* The court must construe the complaint in the light most favorable to the plaintiff, "accepting as true all well-pleaded facts alleged, and drawing all possible inferences in [plaintiff's] favor." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). A complaint that states a plausible claim for relief will survive a motion to dismiss, and the reviewing court may draw upon its judicial experience and common sense to make this determination. *Id.* at 1950. Allegations need only to state a possible claim, not necessarily a winning claim. *See Herdrich v. Pegram*, 154 F.3d 362, 369 (7th Cir. 1998), *rev'd on other*

---

[1] North Putnam fails to specify whether it seeks dismissal based upon Rule 12(b)(1) or 12(b)(6). However, since North Putnam did not offer any evidence to support a claim that subject matter jurisdiction does not exist, the Court will proceed under the Rule 12(b)(6) analysis.

*grounds*, 530 U.S. 211 (2000).  Dismissal is appropriate only if it appears with certainty that the plaintiff cannot establish any set of facts that would entitle him to the relief sought.  *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984).

### III.    Discussion

North Putnam argues Cox's sole remedy for the alleged dilution of her vote for school board is to secure the support of ten percent of the eligible voters and file a petition in Putnam Circuit Court seeking a new electoral plan pursuant to IC 20-13-8-10.  In other words, North Putnam believes the Indiana Code prohibits Cox from challenging the constitutionality of the school board election districts because she did not petition for a change in plan.  The Court disagrees.

North Putnam's stance gives unequal weight to one method in which a voter may challenge the school board election process.  IC 20-13-8-10 provides that an electoral plan change "may be initiated" by such a petition.  IC 20-23-8-11 further provides that a voter "is entitled to file a petition" to protest a plan or initiate a new plan.  Contrary to North Putnam's assertion, however, these provisions of the Indiana Code do not *preclude* Cox from challenging the constitutionality of North Putnam's voting districts.  Cox's right to bring an equal protection claim under 42 U.S.C. § 1983 exists independent of any right under the Indiana Code.  *See Patsy v. Board of Regents*, 457 U.S. 496 (1982).  Moreover, Cox does not seek to change the electoral plan itself; she seeks to enforce North Putnam's statutory and constitutional duty to ensure the voting districts are "as near as practicable equal in population."  IC 20-23-8-8(a)(4).

The Court finds Cox's Complaint states a plausible claim for relief under the United States Constitution and Indiana law and therefore survives North Putnam's Motion to Dismiss.

## IV.     Conclusion

Based on the foregoing, the Court **DENIES** North Putnam's Motion to Dismiss.

Date:   03/06/2013

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Kenneth J. Falk
ACLU OF INDIANA
kfalk@aclu-in.org

Mark Shafer O'Hara
HOSTETTER & O'HARA
mark@hostetter-ohara.com